**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL S. PULLUM** | : **CIVIL ACTION** |
| | : |
| **v.** | : **NO. 22-429** |
| | : |
| **MR. JAMES PENNDOT** | : |
| **and MS. ELAINE CLERK** | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                                                           **February 4, 2022**

Michael S. Pullum pro se sues James Penndot and Elaine Clerk alleging someone violated his civil rights in 1993 by falsely charging him with a crime and through racial discrimination and unknown persons in the Philadelphia Police covered it up since then. We grant him leave to proceed without paying the filing fees. We must now screen his Complaint under Congress's mandate before authorizing the Marshal's service of summons. Mr. Pullum asserts our federal question subject matter jurisdiction based on civil rights claims arising from criminal charges of a controlled substance in a car on an unknown date with no indictment, no criminal history, no arrest, no fingerprints, and no mugshots. He alleges the Philadelphia Police concealed this conduct for the past thirty years. He seeks over thirteen million dollars in damages for mental anguish and defamation of character. But Mr. Pullum does not plead the involvement of either James Penndot or Elaine Clerk in this 1993 conduct or alleged concealment. We must dismiss his claims as they fail to plead a federal question or a claim against Mr. Penndot or Ms. Clerk. We grant Mr. Pullum leave to amend if he can timely identify a claim including possibly a claim involving a state actor's personal involvement in conduct violating his civil rights.

**I.     Analysis**

Having granted Mr. Pullum leave to proceed *in forma pauperis*, Congress directs we dismiss a complaint filed without paying fees which we find frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant immune from such relief.[1]  When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B)(ii), we apply the same standard used to evaluate dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2]  We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff to determine whether he states a claim for relief plausible on its face.[3]  We must be "mindful of our 'obligation to liberally construe a pro se litigant's pleadings …'"[4]  We "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[5]  But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[6]

We liberally construe Mr. Pullum as pro se alleging unidentified persons deprived him of his civil rights in 1993 when someone charged him with crimes he says he did not commit and then a non-party covered up this conduct for thirty years.  He also alleges racial discrimination by unplead persons.

He seeks damages for alleged civil rights violations.  Congress provides a remedy for persons deprived of civil rights: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …[] subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress, except that in any action brought against a judicial officer for an act or

omission taken in such officer's judicial capacity, injunctive relief shall not be granted ….[]"[7] Congress does not confer rights upon a plaintiff through section 1983. Rather, the civil rights law is the vehicle used to bring federal constitutional claims in federal court. Mr. Pullam must plead a person (or persons), acting under color of law, deprived him of a constitutional right.[8] He fails to do so.

Mr. Pullum fails to plead Mr. Penndot or Ms. Clerk acted under the color of state law. We must dismiss absent an allegation of a state actor.

Mr. Pullam must also allege Mr. Penndot or Ms. Clerk's "personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."[9] Mr. Pullam can plead personal involvement with allegations of "personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."[10]

Mr. Pullam fails to allege the personal involvement of either Mr. Penndot or Ms. Clerk in anything relating to his arrest, charges, or coverup. He does not mention them other than identifying them as parties.

## II.     Conclusion

We dismiss Mr. Pullam's pro se complaint consistent with our screening mandate as he fails to state a claim after we granted him leave to proceed without paying filing fees. We grant him leave to timely amend if he can do so in good faith.

---

[1] 28 U.S.C. § 1915(e)(2)(B).

[2] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

---

[3] *Id.* (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[4] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011))(emphasis omitted).

[5] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[6] *Id.* (quoting *Mala*, 704 F.3d at 245).

[7] 42 U.S.C. § 1983.

[8] *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020)(citing *Parrott v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).

[9] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parrott v. Taylor*, 451 U.S. 527, 537 n.3 (1981)).

[10] *Id.*